(Decided October 21st 1864.)

WILLIAM H. WEBER ET AL. *vs.* L. F. ZIMMERMAN.

MANDAMUS: AMOTION OF A CORPORATOR: NOTICE: EVIDENCE, ADMISSIBILITY OF. By the original Constitution of the Evangelical Lutheran St. Stephen's Congregation of Baltimore, it was provided, that: "All meetings (for business) of the congregation must be announced publicly in the Church (before the congregation) at least ten days previously, with the distinct declaration of the object (purpose, design, aim,) of the same (meeting;") and by an amended Constitution, that "Every meeting of the congregation, with the reason for calling the same must be announced ten days previously, publicly from the pulpit." Z., the pastor of said congregation, filed a petition, alleging that he had been expelled from his office of pastor, by certain per-

sons, made defendants, acting without authority, and praying for the writ of *mandamus*, restoring him to the office and functions of pastor, as aforesaid. The questions upon which issue was joined, were substantially: 1st. Whether the proceedings of a committee appointed by the President of the Evangelical Lutheran Synod of Maryland, were a lawful dismissal of the petitioner as pastor aforesaid; and 2nd. Whether the petitioner was lawfully dismissed as pastor aforesaid by the proceedings of a meeting of the said congregation, and notice given him in pursuance thereof.—HELD:

1st. That the proceedings of the meeting of the congregation dismissing Z. from the office of pastor, having been held in pursuance of a notice which omitted to state the object of said meeting, were void because of such omission, under the positive provisions of their constitutions.

2nd. That independently of the positive provisions of said constitutions, it would seem from the authorities, that in order properly to exercise the power of amotion of a corporator, notice must be given to all the members of the corporation "that it is intended to consider the question of removing the particular person."

3rd. That in consequence of the said omission or defect in the notice, the petitioner was entitled to the writ of *mandamus* as prayed.

4th. That under the issues, the report of the committee appointed by the President of the Synod to investigate charges against the petitioner, was inadmissible as evidence.

5th. That under the issues, evidence "that the President of the Synod and its committee were in control of said congregation, by regularly supplying its pulpit, was inadmissible."

APPEAL from the Superior Court of Baltimore City:

The appellee filed his petition in the Superior Court on the 8th March 1864, alleging that St. Stephen's Church is a branch of the Christian Church holding the doctrines of Luther according to the Augsburg Confession; that it is governed by a pastor, four elders and eight deacons, as prescribed by the constitution filed with the petition, and adopted in 1857; that, in the month of November 1861, he was elected and installed as pastor of the said church, and entered into a contract with the congregation for the payment of a certain salary, &c., &c.; that he entered upon and performed his duties as pastor until 7th February 1864, when he was prevented from occupying the pulpit, and expelled from the same by certain

persons, the defendants, (sixteen in number,) without authority, &c., &c., and praying for the writ of *mandamus.*

On the same day an order was passed requiring the defendants to shew cause why the writ should not issue.

On 19th March 1864, an answer was filed by the German Evangelical Lutheran Saint Stephen's Church, and, also, by William H. Weber and Conrad Dockterman, President and Secretary thereof, assigning the following reasons against the granting of said writ.

1st. That they are duly incorporated under the provisions of the Act of November session 1802, ch. 111.

2nd. That no person is by said charter entitled to vote in the affairs of the church, who is not a member, according to the requirements of the constitution in force at the time.

3rd. That the congregation by its charter belongs to, is under the jurisdiction and control of, and subject, as to its minister, congregation, &c., to the authority of the Lutheran Synod of Maryland.

4th. That the duly elected officers are as follows, naming them, and that the pastor is at no time an officer.

5th. That the constitution filed with the petition is not the present constitution, but that it was abrogated in the month of November preceding, and the constitution filed with the answer, adopted in its stead.

6th. That by the provisions of the constitution the pastor was dismissed, and three months notice given him of such dismissal by direction of the congregation, which the said congregation had a legal right to do.

7th. That the dismissal was a matter of necessity, resulting from the open violation, on the part of the petitioner, of the constitution and articles passed in pursuance thereof.

8th. That the petitioner abused his position as pastor, called illegal meetings, and with a view of ousting the duly constituted officers, held a sham election of officers,

and brought them into the church on the following Sunday, and in defiance of the protest of the president, used the said church for the performance of a pretended ceremony of installation.

9th. That the said petitioner having abused his office and violated, in various ways, the constitution, the defendants gave him the notice of dismissal filed with the answer, which they had a right to do.

10th. That certain charges against the relator were investigated by a committee duly appointed by the Synod, in the presence of the said relator, and the said committee vacated the pulpit, and advised the selection of another pastor, as appears by their decision in writing filed in this cause.

11th. That the action of said committee is final and conclusive, and that this Court has no power to revise the same.

12th. That they deny that the petitioner has fulfilled his duties as pastor, &c., &c.; but allege that since 7th February the Synod has supplied ministers, &c.

To this answer twelve traverses were filed, of which ten were withdrawn, leaving only the 3rd and 9th remaining, which are in these words:

*Third.* He denies that the President of the Evangelical Lutheran Synod of Maryland, or any committee appointed by him, has any authority to investigate the charges made against him, and denies that said committee, (partial, unjust and illegal as its proceedings were,) has vacated the pulpit, and removed said petitioner from the exercise of his functions as pastor of said congregation.

*Ninth.* He denies that the said pretended council had any authority to give him the notice of his dismissal as pastor of the said congregation.

With the answer were filed a copy of the charter, a copy of the constitution, admitted by the pleadings to be the true one, a copy of the decision of the committee of

the Synod, and a copy of the notice of dismissal, signed by the President and Secretary of St. Stephen's Congregation, on behalf of the congregation.

The notice read from the pulpit, on 27th December 1863, of the meeting held on 13th January 1864, was in these words:

"According to a resolution passed by the congregation on 16th December 1863, there will take place on this day ten days, (*i. e.*, ten days from this day,) that is to say, on Wednesday, 13th January 1864, a congregational meeting of the male members entitled to vote, of the Evangelical Lutheran St. Stephen's Congregation, at $7\frac{1}{2}$ o'clock, here in our church: and thereto are politely invited all members of the congregation entitled to vote, to be present very numerously.

W. H. WEBER, Pres't."

The following is the resolution passed on 16th December 1863:

"It was resolved, That the Rev. Pastor, C. F. Zimmerman, should in writing inform the Evangelical Lutheran St. Stephen's Congregation within fourteen days, that is on or before 30th December 1863, whether he is willing or not to submit to the ordinances and laws of the congregation. Resolved, That the Secretary transmit the foregoing resolution in writing to the pastor, C. F. Zimmerman. Resolved, That if the pastor gives the Vestry an unfavorable answer, or none at all, that it is the duty of the president to call a congregational meeting and lay this before the congregation."

1st *Exception.* At the trial of the above cause and to support the issues joined therein, the defendants offered to prove that charges were preferred against the petitioner to be laid before the Lutheran Synod of Maryland, by lodging the same with the president thereof, that the president and committee thereof had upon said charges decided as follows:

The committee appointed by the president of the Synod of Maryland, to investigate certain charges preferred against the Rev. Mr. Zimmerman, pastor of St. Stephen's Lutheran Church in Baltimore, and a member of said Synod, by certain members of said church, having carefully examined witnesses in the presence of the congregation, have come unanimously to the following conclusion:

I. That Mr. Zimmerman's conduct has been unministerial and unchristian.

(*a.*) In the use of language from the pulpit and elsewhere, which was violent, defamatory and libellous.

(*b.*) In allowing his practice of medicine to interfere with the faithful discharge of his pastoral duty.

(*c.*) In publicly charging some of the officers of his church with dishonesty and other grievous offences.

(*d.*) In having in several instances, violated the constitution of his church by calling and holding irregular and unconstitutional meetings of his adherents, in sanctioning the election of a council when there was one already in existence, and refusing to install the regularly elected council, which the constitution requires him to do.

(*e.*) In excommunicating certain members of his church, constituting the council, without trial or semblance of law or authority, and against the universal practice of the church.

II. That in view of the disturbance and ill-feeling engendered in the church, the necessity of Mr. Zimmerman's separation from it, is painfully manifest.

III. That we advise the church council now having possession of the property, keys and books, to give Mr. Zimmerman constitutional notice, that his services are no longer desired, and proceed to the election of another minister as soon as expedient, and in the meantime to have the pulpit supplied under the advice of the president of the Synod and this committee.

IV. That as Mr. Zimmerman has not been charged with offences specified in the constitution of the Synod, authorizing a suspension if convicted, we refer the whole matter to the Synod agreeably to sect. 4, chap. IV.

Signed,                                   JNO. G. MORRIS,

                                          G. H. BRANDAN,

                                          H. BISHOP,

                                          F. STORK.

                                          JOEL SWARZ,

BALTIMORE, *Feb'y* 25, 1864.                   *Committee.*

To the introduction of this evidence the petitioner objected, and the Court having sustained the objection, the defendants excepted.

*2nd Exception.* In addition to the evidence offered in the 1st *Exception* made part of this, the defendants further offered to prove, that the president of said Synod and its committee, were in the control of said congregation, by regularly supplying its pulpit, to which the petitioner objected, and the Court having sustained the objection, the defendants excepted.

*3rd Exception.* The petitioner to maintain the traverses on his part offered in evidence the appointment and installation of the petitioner, as pastor of the congregation of the defendants on the     day of          186 , and that he continued in office until          , and also offered in evidence the notice (*ante* p. 160); and also proved that on the 13th of January 1864, a meeting was held and a ballotting had as to whether the said petitioner should continue longer pastor of said congregation, of which the result was announced to be that sixty-two votes were in favor of retaining the pastor, and sixty-three votes in favor of dismissing him; that in pursuance thereof on the 22nd of January 1864, notice was served on said petitioner in accordance with the article and section of the constitution, as follows:

BALTIMORE, *January* 22, 1864.

To the Rev. L. F. Zimmerman,

*Pastor of the St. Stephen's Church.*

*Rev. Sir:*—It appears by the constitution of our society that the pastor of the church is subject to dismissal upon three months notice, and upon reflection it would seem that where the pastor is paid by the month, it is proper that the notice should include three full months, accounting from the time when the monthly salary commences. At a meeting held on the 13th of this month by a lawful vote of the congregation in the exercise of their legal rights, they determined to sever the connection existing between you and them, and by vote ordered your dismissal as pastor, and notice thereof has been given to you. This therefore is written to you to say that the three months required by the constitution will begin on the 1st February next, and on (or before if you choose,) the first of May next all connection between you and the congregation will be at an end.

Signed,          W. H. WEBER,
*Pres't of St. Stephen's Congregation.*
CONRAD DOCTERMAN,
*Sec'y of St. Stephen's Congregation.*

And the petitioner further offered in evidence the book of proceedings of said congregation.

The defendants then offered in evidence the resolution of December 16th 1863, referred to in the notice read from the pulpit (*ante* p. 160,) and prayed the Court to grant the two following instructions:

1. The defendants pray the Court to instruct the jury, that if they find that notice was given to the congregation of the defendants by the petitioner by the reading of the paper given in evidence, and shall also find that the resolutions of the 16th December 1863, offered in evidence were passed as of that date by the said congregation, and

that the notice also offered in evidence as set forth in the record thereof, was served on the pastor, and shall find that a meeting was held in pursuance thereof, then the same was a valid and legal meeting according to the constitution of said congregation as given in evidence.

2. The defendants pray the Court to instruct the jury, that upon all the evidence offered in this case, they must find a verdict for the defendants.

But the Court, MARTIN, J., refused to grant the said prayers, and instructed the jury as follows:

I instruct the jury, that although they find that the notice which has been offered in evidence was read by the pastor, the present relator, from the pulpit, and shall also find that a meeting of the congregation was held as stated in the evidence in pursuance of the said notice; yet as the said notice was not such a notice as was required by the constitution of the said congregation, the said meeting is to be considered as having been irregularly convened, and is to be treated as invalid, and that its proceedings and votes are not binding upon the congregation or upon the petitioner, and that the jury must find a verdict for the petitioner upon the 9th issue, and also upon the 3d issue.

To the refusal to grant their said prayers, and to the granting of the instruction given by the Court the defendants excepted, and the verdict of the jury and the judgment of the Court being in favor of the petitioner, appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*O. Horwitz,* for the appellants.

The appellants will maintain that under the pleadings and evidence in this case, the Superior Court should have granted the two instructions prayed. The 2nd instruction is in these words:

"The defendants pray the Court to instruct the jury that upon all the evidence offered in this case, they must find a verdict for the defendants."

A. It will be insisted that this prayer is well founded.

I. Because of the want of jurisdiction in the Court to grant the prayer of the petition.

1st. There being another remedy, at law, upon the salary; or in equity, by injunction. Where there is an adequate remedy at law, or in equity, *mandamus* will not lie. *Tap. on Mand.*, 76 *Law Lib.*, 282. *Owen vs. Pitt*, 10 *Adol. & El.* 272, (37 *Eng. C. L. Rep.*, 127.)

2nd. Because there was no demand and refusal alleged or proved. *Tap. on Mand.*, p. 282 and 284. *Queen vs. Margate Pier Co.*, 3 *Barn. & Ald.*, 220, (5 *Eng. C. L. Rep.*, 266.)

3rd. Because the function in this case is not *quamdiu se bene gesserit*, but *durante bene placito*. *Tap.*, *p.* 174. *King vs. London*, 2 *T. R.*, 178.

II. Because the defendants are not shown anywhere throughout the proceedings to have the power of restoration. *King vs. Nortwick Savings Bank*, 9 *Adol. & El.*, 729, (36 *Eng. C. L. Rep.*, 254.) *King vs. Liverpool*, 2 *M. & S.*, 223.

III. Because the facts pleaded in the answer and not traversed, are a good bar to the granting of the prayer of the petition.

1st. Because the case is pending before the ecclesiastical tribunal having jurisdiction over the subject-matter. See charter. See answer, 3rd and 10th sections. *King vs. London*, 1 *Wilson*, 11.

2nd. Because, if restored, he would be immediately removed again more formally. *King vs. Griffith*, 5 *Barn. & Ald.*, 731, (7 *Eng. C. L. Rep.*, 243.)

The petition should state that there is no other remedy, and it is not too late to take the objection at the hearing. *Queen vs. Pier Co. of Mar.*, 3 *Barn. & Ald.* 221.

IV. Because the appointment was temporary.  *Tap.*, 175.

B. If the defendants are wrong in these views, then they will insist that the 1st prayer embodies the law of the case.

1st. Because the notice read from the pulpit, coupled with the resolution referred to, and embodied therein, is in full compliance with the requirements of the constitutions.   2nd. Because by the 6th reason assigned by the defendants, and not traversed, it is admitted that the said notice was sufficient.

3rd. Because no notice was ever given by the council, or pretended council, as assigned in the 9th traverse. 4th. Because even if the proceedings were not exactly regular, still the Court would not interfere, if the party has been guilty of such conduct as would prevent his ultimate restoration.   *King vs. London*, 2 *Term R.*, 181.

C. The offer made in the first bill of exceptions was improperly rejected.   1st. Because it was evidence in general.   2nd. Because it is evidence of the reference of the whole matter to the Synod, in accordance with the rules of the Synod.

D. The offer to shew that the President, &c., of the Synod, had taken the control of the Congregation, by supplying the pulpit, ought not to have been rejected.

*Wm. B. Bond* and *O. Miller*, for the appellee.

Two questions are presented by the record in this case:

1st. Whether the proceedings of the committee appointed by the President of the Evangelical Lutheran Synod of Maryland, was a lawful dismissal of the petitioner from the office and function of Pastor of the Evangelical Lutheran St. Stephen's Congregation.

2nd. Whether the petitioner was lawfully dismissed from his pastorate and official functions by the proceedings of the said Congregation at their meeting on the

13th January 1864, and the notice given him in virtue thereof, in support of their views. The counsel for the petitioner will contend on the first point:

1st. That neither the President of the Synod nor the Synod itself had any jurisdiction over the charges made against the petitioner in the manner set forth.

2nd. That the finding or award of the committee is only advisory, and does not pronounce the dismissal of the petitioner from his pastorate.

On the 2nd question, the petitioner's counsel will contend that the proceedings of the meeting of the congregation of the 13th January 1864, were void on the ground that the notice of said meeting was defective in not stating the object of said meeting. They refer to the case of *Rex vs. The Company of Fishermen,* 8th *Term Rep.* 356. 2 *Bacon's Abridgment,* 462 and 463. 2 *Serg. & Rawle,* 141. *Rex vs. The Town of Liverpool,* 2d Burr. 731. *Ang. & Ames,* 420. *Rex vs. Mayor of Avalon,* 2 *Str.* 1357. 12th sec. of the 7th chap. of the article of association of the congregation, and *Wilcocks on Corp.,* 25 and 26, and 9th article of the 9th chap. of the new articles of association of the Church. For the law to prevent surprise and fraud in elections and amotions of officers, they refer to; *Rex vs. May* and *Rex vs. Little,* 5th *Burrow's Rep.,* 2682. *Kynaston vs. Mayor of Shrewsbury,* 2 *Strange,* 1051. *Wiggin vs. Free-Will Baptist Church,* 8 *Metcalf R.,* 312. *Machell vs. The Mayor of Appleby,* 2 *Lord Raym.,* 1355. *Rex vs. The Mayor of Shrewsbury, Hard. cases,* 150. *Tap. on Man.,* 221. *Code,* Art. 26–72. *Stow vs. Wyse,* 7 *Conn.,* 214.

Bowie, C. J., delivered the opinion of this Court.

The Act of Assembly passed at the January session 1858, ch. 285, materially changed the law governing proceedings in cases of *mandamus* in this State. That statute is embodied in the Code, Art. 59. Under the pro-

visions of that article of the Code, this cause was instituted and decided below, and in disposing of this appeal, this Court must, under the 12th sect. of the 5th Article of the Code, confine itself to the questions raised in, and decided by the Superior Court. These are presented by the bills of exceptions, two of which were taken to the rejection of evidence offered by the defendants, and the third was taken to the refusal by the Superior Court to grant the two prayers of the defendants, and also to the instruction given to the jury.

The third exception will first be considered. The Court's instruction to the jury asserts that the notice of the meeting of the congregation to be held on the 13th day of January 1864, given in evidence, was not such a notice as was required by the constitution of the congregation, and consequently that meeting is to be considered as irregularly convened, and is to be treated as invalid, and that its proceedings and votes are not binding upon the congregation or the petitioner.

By the constitution, chapter 7, sec. 12, it is provided, that "All meetings (for business) of the congregation must be announced publicly in the Church (before the congregation) at least ten days previously, with the distinct declaration of the object (purpose, design, aim,) of the same (meeting.)"

The new constitution, ch. 9, art. 9, contains a similar provision, in these words: "Every meeting of the congregation, with the reason for calling the same, must be announced ten days previously, publicly from the pulpit."

On examining the notice given to the congregation, as stated in the bill of exceptions, this Court concurs in the opinion expressed by the Superior Court, that it is altogether insufficient, in not stating the object of the proposed meeting.

The petitioner was pastor of the Church, which was incorporated, under and in virtue of the Act of Assembly

of 1802, ch. 111. By that Act the pastor is constituted a corporator.

Independent of the positive provisions contained in the constitution of the Church, above cited, it would seem, from the authorities, that in order properly to exercise the right of amotion of a corporator, notice must be given to all the members of the corporation, "that it is intended to consider the question of removing the particular person." The authorities on this subject will be found collected in 2 *Bacon's Abr.*, 462, 463. We refer also on this point to the cases cited by the appellee in argument.

Without, however, discussing the general principles governing this subject, it will suffice for the present case to say, that by the constitution of this society it was necessary that notice should be given to the congregation of the object of the proposed meeting, and that according to the evidence, as contained in this bill of exceptions, in the notice which was given of the proposed meeting of the 13th of January, no intimation whatever was given that it was intended to consider the question of removing the pastor.

Entertaining the opinion, that the law of the case was properly given to the jury in the Court's instruction, it follows that there was no error in rejecting the first prayer of the defendants. And the second prayer of the defendants was also properly rejected for the same reason. Besides, it has been settled by repeated decisions of this Court, that such a prayer is too general and indefinite.

We concur also in the decision by the Superior Court, of the questions of evidence presented by the first and second bills of exception. The evidence, it seems to us, was clearly inadmissible under the issues joined. Even if it be conceded that the committee of the Synod had jurisdiction and authority to investigate the charges against the petitioner, in the manner stated in the evidence,—on which point however, we do not mean to

express an opinion,—their decision or award did not pronounce the dismissal of the petitioner from his functions as pastor, but was advisory only to the Church council. The power of dismissal resided in the congregation, to be exercised in accordance with the rules and regulations prescribed in the constitution of the Church, which, according to the evidence, were not observed in this case, for want of proper and sufficient notice of the meeting convened for that purpose.

Many of the questions presented in the appellant's brief, and argued at the bar, we have deemed it unnecessary to decide, because we have considered they are not properly before us on this appeal. The case comes before us on the bills of exceptions only, no question having been made in the Court below, either in the pleadings, or by motion in arrest; and finding no error in the decision of the Superior Court, the judgment will be affirmed, and a peremptory writ of *mandamus* ordered.

*Judgment affirmed*
*and mandamus ordered.*

(Decided October 21st 1864.)